UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

VIRGINIA YOCKEL,

                Plaintiff,

      -against-

DIVERSIFIED COLLECTION SERVICES, INC.

                Defendant.

-------------------------------------------------------------------X

**CASE NO: 11-CV-04632-RJH**

**ECF CASE**

***COMPLAINT***

## INTRODUCTION

1.    Virginia Yockel seeks redress for the illegal practices of the Defendant, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## PARTIES

2.    Plaintiff is a citizen of and resides in the State of New York.

3.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3) , in that the alleged debt that the Defendant sought to collect from the Plaintiff is a consumer debt.

4.    Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Livermore, California.

## JURISDICTION

5.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the Defendant conducts business in this district and has sufficient ties to the jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

6.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-5 as if set forth fully in this cause of action.

7.   That a personal debt was allegedly incurred by the Plaintiff from an unidentified creditor.

8.   That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

9.   That upon information and belief, on a date better known by the Defendant, the Defendant began its attempts to collect an alleged consumer debt from the Plaintiff.

10.  That on or about December 20, 2010, the Plaintiff spoke with one of the Defendant's agents, one "**Steven**", who was attempting to collect on the alleged debt.

11.  That during said phone call, Defendant's agent "**Steven**" discussed a payment plan with the Plaintiff which the Defendant falsely represented would stop garnishments and offsets on the Plaintiff's tax returns.

12.  That based on the Defendant's representations, the Plaintiff agreed to a payment plan of $70.00 per month for nine (9) months and gave the Defendant her banking information.

13.  That the Defendant falsely informed the Plaintiff that a packet would be sent to her with documentation to sign.

14.  That the Plaintiff never received said packet.

15.  That on or about March 2011, the Plaintiff discovered that her tax refund was "pending."

16.  That after speaking with her tax preparer, the Plaintiff followed up on the status of her tax refund by calling the Internal Revenue Service and the Treasury of Higher Education.

17.  That the Plaintiff was referred to the Defendant and was instructed to call the Defendant at 1-800-927-7667 to inquire about her tax refund.

18.     That the Plaintiff called the Defendant, spoke to one "**Steven**" about her tax refund and he replied in pertinent part, "**What do you want me to do about this?**"

19.     That during said conversation, the Plaintiff informed "**Steven**" about her conversation with the Defendant in December 2010 and that the Defendant told the Plaintiff a payment plan with the Defendant would stop garnishments and offsets in the Plaintiff's tax refund.

20.     That the Defendant's agent mockingly replied it would be hard to find out who Plaintiff spoke with and reiterated in pertinent part, "**What do you want me to do?**"

21.     That the Defendant debt used false, deceptive, or misleading representations and/or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e.

22.     That the Defendant's communications with the Plaintiff constitute a violation of 15 U.S.C. §1692d in that the Defendant engaged in conduct, the natural consequence of that harassed, oppressed and abused the Plaintiff in connection with the collection of a debt.

23.     That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

24.     Defendant's conduct violates 15 U.S.C. §1692 et seq., including but not limited to subsections (d) and (e) in that communications to the Plaintiff by the Defendant are false, deceptive, unfair, made in furtherance of attempting to collect a consumer debt by means of duress and harassment.

25.     That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, extreme humiliation and sleepless nights.

26.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

(a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action;

(b)     Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action;

(c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d)     For such other and further relief as may be just and proper.

Dated: June 28, 2011
New York, New York

Amir J. Goldstein, Esq.
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 10012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein  (AG-2888)